IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERSTATE RESTORATION, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>BROOKDALE SENIOR LIVING, INC.,<br><br>*Defendants*. | Case No. _____<br><br>**JURY DEMANDED** |

## ORIGINAL COMPLAINT

For its Original Complaint, Plaintiff Interstate Restoration, LLC alleges as follows:

### PARTIES

1. Plaintiff Interstate Restoration, LLC is a limited liability company organized and existing under the laws of the State of Colorado. All of its members are citizens of the State of Colorado.

2. Defendant Brookdale Senior Living, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Tennessee.

### JURISDICTION AND VENUE

3. The Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Colorado and Defendant is a citizen of Delaware and Tennessee.

4. This Court has personal jurisdiction over the parties to this case because all parties do business in Texas, as the term doing business is understood in law, and this case arises out of the parties' business in Texas. Defendant has purposefully availed itself of the benefits and protections

1

of the laws of the State of Texas by establishing minimum contacts in the state, including operating and managing the property giving rise to this dispute and entering a contract with Plaintiff to provide services in Texas at that property. This action arises directly from Defendant's contacts with the State of Texas, and the exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because Defendant is subject to the Court's personal jurisdiction in this district with respect to this action.

## FACTS

6. Interstate is a preeminent property damage mitigation and restoration company.[1] Interstate is often hired by property managers or owners after a building experiences floods, fires, and other disasters.

7. Defendant Brookdale owns and/or manages senior living facilities throughout the United States, including in Houston, Texas.

8. On June 26, 2018, Brookdale and Interstate entered into a contract (hereafter "Contract"). *See* Exhibit 1, Emergency Response Service Agreement.

9. According to the Contract, Brookdale agreed to pay Interstate for restoration and reconstruction work at properties which Brookdale owns or manages.

10. Brookdale manages the Brookdale Galleria, a senior living facility located at 2929 Post Oak Blvd., Houston, Texas 77056, which is owned by Healthpeak Properties, Inc. ("Healthpeak").

---

[1] "Mitigation" refers to efforts to stop the property damage from getting worse after a catastrophic loss, such as drying and prevention of further water damage. "Restoration" refers to repairing the damage to the property to bring it back to a pre-loss condition or a condition specified by the customer. Typically, these constitute separate scopes of work and are billed and paid independently of each other.

11. In or around July 2020, the Brookdale Galleria suffered damage from a fire and water damage from the fire suppression efforts.

12. In July 2020, Brookdale hired Interstate to perform mitigation and restoration work at the Brookdale Galleria.

13. On August 14, 2020, after Interstate had completed its mitigation work and performed substantial restoration work on the Property, Brookdale terminated Interstate's restoration services.

14. Days later, on August 24, 2020, Brookdale sent Interstate correspondence, which among other things, alleges that some of Interstate's restoration work at the Property was substandard.

15. Brookdale has never claimed Interstate's mitigation services were substandard or deficient in any way.

16. At the time Brookdale terminated Interstate's restoration services, Interstate had performed $1,958,009.75 worth of both mitigation and restoration work for which Brookdale had not yet (and still has not) paid.

17. Interstate has requested on multiple occasions that Brookdale provide support for its assertion that Interstate's restoration work at the Property was substandard. To date, Brookdale has not provided Interstate with any credible explanation or specific details as to why it contends Interstate's restoration work at the Property was substandard. Brookdale has also refused to provide Interstate with any pictures or other type of documentation that it relies on to support the allegation that Interstate's restoration work at the Property was substandard.

18. Now it has been over a year and a half since Interstate was removed from completing its restoration work at the Property and Brookdale not only has failed to pay Interstate the nearly

$2 million it is owed for both the mitigation and restoration work performed, but it has refused to provide any basis for its vague and unsupported assertion that Interstate's work was substandard.

19. Brookdale is holding up payment of approximately $800,000 for Interstate's mitigation work, about which it has made no complaints or claims, because of its unsubstantiated, undocumented, and unquantified claims that Interstate's restoration work was substandard.

20. Brookdale owes Interstate $1,958,009.75 for the mitigation and restoration work that Interstate completed on the Property, but Brookdale has refused to pay Interstate.

## COUNT I: BREACH OF CONTRACT

21. Interstate incorporates by reference the allegations in the foregoing paragraphs. The facts alleged above demonstrate that Brookdale entered into a valid contract with Interstate and hired Interstate to conduct both mitigation and restoration work at the Property; that Interstate fully performed its obligations under the contract by completing the mitigation work and conducting the restoration work according to the Contract; and that Brookdale breached the Contract by failing to pay Interstate $1,958,009.75 for Interstate's work, resulting in damage to Interstate in excess of the minimum jurisdictional limits of this Court.

## DAMAGES

22. Plaintiff incorporates the allegations set out in the foregoing paragraphs as if fully set forth below.

23. The facts and legal theories alleged above demonstrate that Plaintiff is entitled to recover against Defendant $1,958,009.75 which includes the following:

   a. $1,097,638.93 for the restoration work Interstate performed at the Property.

   b. $860,370.82 for the mitigation work Interstate performed at the Property.

24. Interstate has made demand on Brookdale for payment of the amounts due Interstate under the Contract. More than thirty days have passed but Brookdale has refused and continues

to refuse to pay. Therefore, pursuant to TEX. CIV. PRAC. & REM. CODE §38.001 *et seq.*, Interstate is entitled to recover its reasonable and necessary attorney's fees incurred in bringing this action. Interstate is also entitled to pre-and post-judgment interest, and court costs.

## CONDITIONS PRECEDENT

25. All conditions precedent to Plaintiff bringing and maintaining this action have occurred, been satisfied, or been waived.

## JURY DEMAND

26. Plaintiff respectfully requests trial by jury and has paid the appropriate jury fee along with the filing of this Original Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Interstate Restoration, LLC asks that Defendant, Brookdale Senior Living, Inc., be summoned to answer and appear in this action, and that after trial or other hearing on the merits, Plaintiff have and recover judgment against Defendant for the following::

1. actual damages of $1,958,009.75;
2. reasonable and necessary attorney's fees and costs;
3. pre- and post-judgment interest;
4. all other relief that the Court deems just and proper;

together with all writs and processes necessary to the execution and enforcement of same.

Respectfully submitted,

*/s/ Douglas A. Daniels*
Douglas A. Daniels
Texas State Bar No. 00793579
Southern District I.D. Number 19347

DANIELS & TREDENNICK PLLC
6363 Woodway Dr., Suite 700
Houston, TX 77057-1759
(713) 917-0024 Telephone
(713) 917-0026 Facsimile
Email: doug.daniels@dtlawyers.com
*Attorney in Charge for Plaintiff*

**OF COUNSEL:**
DANIELS & TREDENNICK PLLC
Ellen Miers Peeples
Texas State Bar No. 24066797
ellen@dtlawyers.com
Sabrina R. Tour
Texas State Bar No. 24093271
Email: sabrina@dtlawyers.com
Southern District I.D. Number 2714789
6363 Woodway Dr., Suite 700
Houston, TX 77057-1759
(713) 917-0024 Telephone
(713) 917-0026 Facsimile